682 N.W.2d 477 (2004)
470 Mich. 1347
In re the Honorable M.T. THOMPSON, Jr., Judge, 70th District Court Saginaw, Michigan.
Docket No. 124399, JTC: Formal Complaint No. 72.
Supreme Court of Michigan.
July 9, 2004.
On order of the Court, the Judicial Tenure Commission having issued its Decision and Recommendation for Order of Discipline and the Honorable M.T. Thompson, Jr., having not filed a petition to reject or modify the Commission's Decision and Recommendation, we accept the recommendation of the Judicial Tenure Commission and ORDER that Judge Thompson be suspended for 90 days without pay, effective 21 days from the date of this order. We further ORDER that respondent shall pay costs of $11,117.32 to the Judicial Tenure Commission.
As we conduct our de novo review of this matter, we are mindful of the standards set forth in In re Brown, 461 Mich. 1291, 1292-1293, 625 N.W.2d 744 (2000). We adopt the findings and conclusions of the Judicial Tenure Commission. While we adopt those findings and conclusions, this should not be interpreted in any way as discouraging members of the judiciary from participating in civic and charitable activities in conformance with Canon 5B of the Code of Judicial Conduct, such as forming a civic or charitable organization, serving on the board of directors of such an organization, or attending a charity fundraiser.
Respondent at all relevant times was a judge of the 70th District Court. He has admitted violating Canon 5B of the Code *478 of Judicial Conduct. Respondent used official 70th District Court stationery to solicit donations to produce and implement two educational programs and for business correspondence pertaining to the production of related materials. Respondent further used official stationery to solicit contributions to finance events and activities related to these programs, including prominent placement of his name and judicial status in advertising for a concert to benefit his projects. Respondent utilized the funds also to publicize himself. In his solicitations, respondent misrepresented that the Michigan Department of Education and the Michigan Supreme Court acting through the State Court Administrative Office and Michigan Judicial Institute, agreed to sponsor his programs. Those misrepresentations were also made to members of the Supreme Court. His statements were purposely misleading and false. Respondent also demonstrated a lack of candor in the proceedings before the Judicial Tenure Commission.
As stated by the Judicial Tenure Commission:
"Respondent's admitted and proven acts of misconduct in this case include:
"(a) Misconduct in office as defined by Michigan Constitution 1963, Article VI, § 30 as amended, and MCR 9.205, as amended;
"(b) Conduct clearly prejudicial to the administration of justice as defined by the Michigan Constitution 1963, Article VI, § 30 as amended, MCR 9.205, as amended, and MRPC 8.4(c);
"(c) Failure to observe high standards of conduct so that the integrity and independence of the judiciary may be preserved as described in the Code of Judicial Conduct, Canon 1;
"(d) Impropriety and the appearance of impropriety, which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;
"(e) Failure to conduct oneself at all times in a manner that promotes public confidence in the integrity of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;
"(f) Abuse of the prestige of office to advance personal business interests in violation of the Code of Judicial Conduct, Canon 3C;
"(g) Participation in civic and charitable activities that detract from the dignity of office or interfere with performance of judicial duties, in violation of Canon 5B;
"(h) Individual solicitation of funds, in violation of Canon 5B(2);
"(i) Misuse of the prestige of judicial office including misuse of court resources such as official 70th District Court letterhead to solicit funds, and for personal advantage or gain, and for the advantage or gain of another, in violation of Canon 5B(2) and MCR 9.205(B)(1)(e);
"(j) Engaging in financial and business dealings that tend to reflect adversely on the judge's impartiality or judicial office, in violation of Canon 5(C)(1);
"(k) Failure to fully cooperate with an investigation by the Commission by refusing to provide requested materials and refusing to comply with a subpoena, in violation of MCR 9.205(B)(1)(f) and MCR 9.208(B);
"(l) Conduct involving dishonesty, fraud, deceit, misrepresentation, or violation of the criminal law, which reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of Rule 8.4 of the Rules of Professional Conduct; and
"(m) Conduct that is prejudicial to the administration of justice, contrary to MCR 9.104(1); exposes the legal profession or courts to obloquy, contempt, censure *479 or reproach, contrary to MCR 9.104(2); is contrary to justice, ethics, honesty, or good morals, in violation of MCR 9.104(3); and violates standards or rules of professional responsibility adopted by the Supreme Court, contrary to MCR 9.104(4)."